UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSAC DA'BOUR DAWSON,<br><br>  Plaintiff,<br><br>  v.<br><br>SACRAMENTO POLICE DEPARTMENT,<br><br>  Defendant. | No.  2:14-cv-1494 KJN P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has not, however, filed an in forma pauperis affidavit or paid the required filing fee of $350.00 plus the $50.00 administrative fee.[1]  See 28 U.S.C. §§ 1914(a), 1915(a).  Therefore, plaintiff will be provided the opportunity either to submit the appropriate affidavit in support of a request to proceed in forma pauperis or to submit the required fees totaling $400.00.

In addition, plaintiff is cautioned that it does not appear that he can, at this time, seek monetary damages on his claim that he was "unlawfully arrested" and "wrongfully convicted."

---

[1]  If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments.  Litigants proceeding in forma pauperis are not required to pay the $50.00 administrative fee.

1

(ECF No. 1 at 2-4.)

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486.

Under Heck, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate his conviction or sentence. Id. If it would, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has been invalidated. It appears that plaintiff's action implicates the validity of his conviction, and plaintiff has not shown that the conviction has been invalidated. This court's records do not reflect that plaintiff has filed a petition for writ of habeas corpus in this district.[2] Therefore, plaintiff may wish to voluntarily dismiss this action prior to incurring the filing fee and avoid further delay in pursuing habeas relief.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, or the required fees in the amount of $400.00; plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed; and

////

////

////

////

---

[2] Plaintiff is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner.

Dated: June 26, 2014

/daws1494.3a

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE