UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSAC DA'BOUR DAWSON, | No. 2:14-cv-1494 TLN KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| SACRAMENTO POLICE DEPARTMENT, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner proceeding without counsel. Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983, together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
3   § 1915(b)(2).
4           The court is required to screen complaints brought by prisoners seeking relief against a
5   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
6   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
7   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
8   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
9           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
11  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
13  490 U.S. at 327.
14          Plaintiff alleges that on July 9, 2010, he was arrested by Officer Jennifer Bland on
15  suspicion of attempted robbery "because she said [plaintiff] looked guilty when the victims said
16  [plaintiff] was not the guy."  (ECF No. 1 at 3.)  Plaintiff further alleges the following:  Jeffrey
17  Babbage racially profiled plaintiff, stating that "because [plaintiff] was black [plaintiff] was a
18  possible suspect."  (Id.)  Garry Baker "swore [plaintiff] was the person he was chasing from his
19  car; and Scott McLafferty failed to perform "a proper investigation which is why [movant is]
20  incarcerated doing life."  (Id.)  Plaintiff seeks monetary damages for his alleged wrongful
21  conviction.  (ECF No. 1 at 4.)
22          In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a
23  suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or
24  imprisonment cannot be maintained absent proof "that the conviction or sentence has been
25  reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal
26  authorized to make such determination, or called into question by a federal court's issuance of a
27  writ of habeas corpus, 28 U.S.C. § 2254."  Heck, 512 U.S. at 486.
28  ////

Under <u>Heck</u>, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate his conviction or sentence. <u>Id.</u> If it would, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has been invalidated. This court finds that plaintiff's action implicates the validity of plaintiff's conviction, and that plaintiff has not shown that the conviction has been invalidated. <u>See</u> <u>Guerrero v. Gates</u>, 442 F.3d 697, 703 (9th Cir. 2006) (<u>Heck</u> barred plaintiff's civil rights claims alleging wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him.). Therefore, plaintiff's claims are barred under <u>Heck</u>.

IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice. <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. at 486-87.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 30, 2014

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/daws1494.56